ADAMS, Justice.
This appeal arises from a suit by Mamie Lue Burnett and Mary Bell Harris against A.M. Franklin and other defendant property owners alleging that Burnett and Harris owned interests as tenants-in-eommon in the properties owned by each of the defendants. The suit sought an equitable division of the property in dispute. Franklin appeals from the order of the Circuit Court of Crenshaw County declaring that the property could not be equitably partitioned.
The tract of land which forms the basis of this suit was purchased by appellant Franklin in 1976 from the heirs of Mose Thomas, the original owner. Franklin failed to obtain the signature of appellees Burnett and Harris, however, who were the daughter and niece of Mose Thomas respectively. Thus, Burnett and Harris retained what was stipulated at trial to be a %3 interest and a ¾½ interest respectively in the land that Franklin purchased.
Franklin subsequently sold the land in issue to defendants Willis and Nellie Taylor, who subdivided the tract into ten lots, cleared and leveled the land through bulldozing, had the land surveyed, made arrangements with the city for a paved street through the subdivision, and acquired the necessary utility connections. The Taylors constructed a house on each of two of the lots and subsequently sold most of the ten parcels to others named as defendants in this suit.
Burnett and Harris filed suit on April 16, 1982, seeking an equitable division of the property, a declaration of the interest of the plaintiffs in the land, and attorney’s fees. An equitable partition of the tract was complicated by the aforementioned subdivision and sale of parcels to various owners and the improvements made on the parcels, which included the construction of three homes, a warehouse, and a building used as an office.
After a hearing, the court, sitting in equity, found that Burnett owned a %s interest in the ten parcels and Harris owned a V63 interest in the parcels (a fact stipulated to by the parties at trial) and further ordered that the property could not be equitably partitioned. Defendant Franklin appealed the court’s order. Both parties seek an adjudication of this dispute. We reverse *408 the lower court’s judgment and remand this case for a proper determination.
In a property dispute like that involved in this case, it is imperative that some determination be made so that title to the property can be cleared and the rights of all parties involved adjudicated. A court sitting in equity has the broad power to fashion remedies which are equitable under given circumstances. The lower court in this case declared in its final order that “said property cannot be equitably partitioned among the joint owners and tenants in common.”
Inasmuch as the court cannot fashion a remedy partitioning the property, we remind it that the plaintiffs in this case requested in their complaint, in addition to the partition, “such other and general relief as may seem just and equitable.” The lower court is authorized to do just that. A satisfactory remedy could include owelty or any other available equitable relief.
Additionally, § 34-3-60, Code of Alabama (1975), allows an award of attorney’s fees in cases such as this one at the discretion of the trial judge. Plaintiffs requested such fees in their complaint, but the final order is not clear on whether such an award was in fact granted. The lower court should rectify this on remand.
For all of the above-stated reasons, the judgment of the trial court is r ~ersed and this case is remanded for procu. dings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.